OPINION
Plaintiff-appellant Maria Georgeadis appeals the January 6, 1998 Memorandum of Decision of the Fairfield County Court of Common Pleas, which granted the Motion to Dismiss of defendants-appellees William Dials, et al.
 STATEMENT OF THE FACTS AND CASE
This matter originated in the Fairfield County Court of Common Pleas upon the refiling of appellant's previously voluntarily dismissed complaint. On June 25, 1995, appellant filed an amended complaint upon agreement of all the parties. On September 25, 1995, appellees filed an answer denying the allegations set forth in appellant's complaint. Prior to the filing of appellees' answer, appellant attempted to remove this matter to federal court, which was denied due to lack of jurisdiction. On December 19, 1995, appellant filed a motion to move the case to the Franklin County Court of Common Pleas, which the Fairfield County Court of Common Pleas granted via Entry dated March 11, 1996.
Upon transfer to Franklin County, appellees filed motions for partial summary judgment covering all of appellant's claims[1]. Appellant responded to each summary judgment. On July 3, 1996, appellant filed a motion to disallow her own depositions, which appellees referenced in their motions for summary judgment. On August 5, 1996, appellant requested leave to file another amended complaint to add additional parties. During this time period, appellant also filed another complaint in the Franklin County Court of Common Pleas.[2] Via Decision dated April 10, 1996, Judge Alan C. Travis of the Franklin County Court of Common Pleas dismissed Case No. 96CVA03-1660 finding appellant's claims were baseless and she lacked evidence to support the same. Appellant appealed this decision to the Tenth District Court of Appeals, which affirmed the trial court's decision. On September 24, 1996, Judge David E. Cain of the Franklin County Court of Common Pleas rendered his decision in Case No. 96CVH05-3922, granting appellees' motions for summary judgment, denying appellant's motion for leave to amend her complaint, and denying appellant's motion to disallow her depositions. Appellant also appealed this decision to the Tenth District Court of Appeals, which again affirmed the trial court's decision. The Ohio Supreme Court denied jurisdiction to hear the matter.
During the pendency of the appeal in Case No. 96CVH05-3922, appellant filed a complaint virtually identical to the case on appeal against appellees and added the City of Pickerington as a defendant[3]. Appellees filed motions to dismiss pursuant to Civ.R. 12. Appellant responded to these motions and filed a motion requesting Judge Cain recuse himself from the case. On September 8, 1997, the trial court granted appellees' motions to dismiss and denied appellant's motion to recuse.
Thereafter, on October 28, 1997, appellant filed the complaint in the instant action in the Fairfield County Court of Common Pleas reasserting the claims previously decided by the Franklin County Court of Common Pleas and affirmed by the Tenth District Court of Appeals. On November 19, 1997, appellees filed a motion to dismiss. On January 6, 1998, the trial court issued a memorandum of decision, granting appellees' motion to dismiss upon finding appellant's claims were barred by the doctrine of resjudicata.
It is from this decision appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN ITS STATEMENT THAT, A TRIAL DATE WAS SCHEDULED ON MAY 25, 1994.
 II. THE HEARING THE TRIAL COURT HAS INSERTED, WAS HELD WITHOUT NOTICE, OR A FAIR AMOUNT OF PREPARATION TIME FOR ME TO PRESENT MY EVIDENCE AND WITNESSES TO PROVE MY ALLEGATIONS.
 III. CORRECT THE TRIAL COURT'S CASE NUMBER, TO 96CVH-05-3822 TO 96CVH-05-3922.
 IV. THE TRIAL COURT ERRED IN ITS INSERTION THAT THERE ARE NO NEW ISSUES BEFORE THIS COURT.
 V. THE PRINCIPAL OF RES JUDICATA, DOES NOT INCLUDE OR PRECLUDES, ISSUES THAT HAVE BEEN REPEATED MORE THAN ONE TIME.
 VI. THE LAW HAS CHANGED SINCE THE TRIAL COURT'S 1943 AUTHORITY, OR PLAIN GOOD SENSE CERTAINLY ESTABLISHES AN END TO THE DEFENDANTS USING THEM AGAINST ME AGAIN MUST BE MADE, BY A COURT, FINALIZING THEIR FUTURE USE.
This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 II III
In her second and third assignments of error, appellant takes issue with certain decisions made by the Franklin County Court of Common Pleas. This Court is without jurisdiction to entertain these assignments of error.
Accordingly, appellant's second and third assignments of error are dismissed.
 I, IV, V, VI
In her remaining four assignments of error, appellant argues various errors relating to the trial court's finding her claim barred by the doctrine of res judicata. We find the trial court did not err in making such a determination as a final judgment on the merits of appellant's claims has been made by the Franklin County Court of Common Pleas, which the Tenth District Court of Appeals affirmed.
Accordingly, appellant's first, fourth, fifth, and sixth assignments of error are overruled.
The judgment of the Fairfield County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Franklin County Case No. 96CVH05-3922.
[2] This action was captioned Maria Georgeadis v. State Farm Insurance, et al. Franklin County Case No. 96CVA-03-1660. The complaint asserted causes of action for fraud and legal malpractice against Judge Joseph D. Clark, State Farm Insurance, a court reporter, and various attorneys and law firms. In her complaint, appellant alleged her depositions taken in connection with Case No. 96CVH05-3922 were altered to benefit the defendants in that action.
[3] Franklin County Case No. 96CVH10-8044